EURENE GILKEY AND LOIS GILKEY v. J. D. BLANTON AND RALPH L. MORRIS.

(Filed 4 February, 1949.)

**1. Judgments § 30—**

Where plaintiffs, in an action to restrain foreclosure under the power contained in a deed of trust, give notice of appeal from successive judgments entered upon the hearing of successive temporary restraining orders, but failed to perfect appeal therefrom, the matters therein adjudicated may not be again presented by appeal from judgment confirming sale of the property by the commissioner appointed by the court.

**2. Mortgages § 30d—**

In a suit to restrain foreclosure under power of sale, plaintiffs' contention that the personal representative of one of the original mortgagors is a necessary party should be made in apt time, and plaintiffs will not be allowed to wait until after sale and confirmation and present the matter upon appeal from judgment of confirmation.

WINBORNE and ERVIN, JJ., took no part in the consideration or decision of this case.

PLAINTIFF's appeal from *Clement, J.,* June Term, 1948, McDOWELL Superior Court.

*William J. Cocke for plaintiffs, appellants.*
*Proctor & Dameron for defendants, appellees.*

PER CURIAM. The defendant in this case undertook to foreclose a mortgage made by the plaintiffs Eurene and Lois Gilkey, and their mother, Sallie E. Gilkey, now deceased, by exercise of the power of sale contained therein. The mortgage purports to have been made to secure the indebtedness of the mortgagors to the said Blanton in the sum of $23,265.80 under a judgment of the Superior Court of McDowell County, and a further sum of $17,734.20 for additional moneys alleged to have been advanced to them, represented in a promissory note in the sum of $41,000, upon which 71 payments of $105 each had been made.

Foreclosure proceedings under the power of sale were commenced 11 September, 1946, and the property advertised for sale on 14 October, 1946. On 12 October, 1946, the plaintiffs brought an action to restrain the sale and to have the Superior Court "take jurisdiction of the parties to this action and the property referred to and hear and determine the rights of the respective parties therein to the end that the indebtedness of the plaintiffs to the defendant may be paid out of said property without sacrificing the same unnecessarily." The temporary order of Judge Nettles restraining the sale was made returnable before Judge Gwyn at Burnsville, on the 21st day of October, 1946. But because this term of court was canceled the order was continued to be heard in the Superior Court of Rutherford County in November, 1946; and was again continued at the request of counsel for the plaintiffs, to be heard in Hendersonville before Judge Gwyn on 26 November, 1946. Meantime the defendant in that case filed an answer containing counterclaim which appears to have been served on the plaintiffs on 5 November, 1946, in which the defendant Blanton asserted his title and ownership to one-third undivided interest in the properties concerned.

On 26 November, 1946, Judge Gwyn signed an order appointing a receiver to collect the rents from the property in question and hold the same subject to the orders of the court.

The cause came on for a hearing at the February Term, 1947, of McDowell County before Judge W. G. Pittman and he entered judgment on the pleadings and by default, the plaintiffs having filed no reply to the counterclaim served on them and not being present in court, or represented by counsel, at the time the case was called.

Finding facts, the court entered judgment against the plaintiffs, Eurene and Lois Gilkey, for the amount of the principal and interest due upon the note, and appointed Ralph L. Morris as Commissioner to sell the property described in said deed of trust for the purpose of satisfying the indebtedness; however, ordering the Commissioner not to advertise or offer the said property for sale before 15 April, 1947.

Sometime after the signing of the judgment, about an hour later, the plaintiffs came into court with their counsel, Mr. Guy Weaver of Ashe-

ville, and moved orally and in open court to set the judgment aside. After a full hearing the court overruled the motion. The plaintiffs thereupon appealed, but did not perfect the appeal.

The property described in the deed of trust was again advertised for sale under this judgment 31 May, 1947; and on the day of the sale plaintiffs obtained another restraining order from the Superior Court and prevented the sale, again filing written motion to set aside the judgment rendered by Judge Pittman at the February 1947 Term; and the defendant filed answer.

The motion was heard by Judge Patton at the July Term of the Superior Court of McDowell County and a judgment was entered denying the motion and again ordering the property to be sold by the Commissioner to satisfy the indebtedness. The plaintiffs gave notice of appeal, but no appeal was perfected.

The property in question was again advertised and sold on 12 December, 1947, and the sale was duly reported to the court.

The matter again came on for hearing at the February Term, 1948, of the Superior Court of McDowell County before Judge Patton, upon the Commissioner's report of said sale; and after a full hearing Judge Patton entered an order declining to confirm said sale and ordering that the property in question be subdivided and sold in separate parcels as set out in said order.

The property was again advertised for sale in compliance with the judgment or order entered at the February 1948 Term, the sale being set for 10 April, 1948. On 29 March, 1948, an order was served on the defendants requiring them to show cause why such sale should not be restrained and enjoined. This order was made returnable before Judge Patton on the 8th day of April, 1948. No restraining order was issued and the property was sold.

The plaintiffs at that time filed a petition asserting that the personal representative of Sallie E. Gilkey, deceased, was a necessary and indispensable party to the action. The defendants filed an answer to the petition of the plaintiffs and the matter came on again for a hearing at the March-April 1948 Term of the Superior Court of Transylvania County at which time the hearing and said order to show cause was continued to the June Term, 1948, of McDowell County. Judge Clement then entered judgment confirming the sale of the property made under the Commissioner, and from this judgment the plaintiffs appealed.

Upon the hearing of this appeal the plaintiffs demurred *ore tenus* to the counterclaim of the defendant Blanton contained in his original answer.

Upon this record the plaintiffs cannot now be permitted to bring up questions heretofore raised by them, settled by the court and made the

subject of appeals which were never perfected. Of this character is the demurrer to the counterclaim made by the present defendant in his original answer that the record shows to have been served on the plaintiffs and to which they took no action.

Supposing, however, that the appeal brings up the question whether Sallie Gilkey, mother of the plaintiffs and one of the original mortgagors, is a necessary party, that, too should have been presented in apt time to the court below. There is no such necessity now apparent in that part of the proceeding or judgment which is now before us on appeal.

The judgment of the court below is

Affirmed.

WINBORNE and ERVIN, JJ., took no part in the consideration or decision of this case.